# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANTONIO DAWON WOODLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV409-196 |
| EUGENE C. BROOKS, IV, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

In an order dated February 23, 2010, the Court granted plaintiff's motion to proceed *in forma pauperis* and ordered him to submit a Prisoner Trust Fund Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 4.) The Court warned plaintiff that his failure to return those forms within 30 days would result in the dismissal of his case. (*Id.*) Plaintiff returned the Consent to Collection of Fees form, but he marked through a line authorizing the Court to collect additional costs that may be imposed over the course of the case. (Doc. 10.) The Court does not accept plaintiff's altered Consent to Collection of Fees Form. Additionally, he has not returned a

Prisoner Trust Fund Account Statement form.[1] Because plaintiff has not complied with the Court's order, this case should be **DISMISSED**.[2]

**SO REPORTED AND RECOMMENDED** this <u> 31st </u> day of March, 2010.

<u>/s/ G.R. Smith</u>
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[1] Woodley, who was recently transferred from the Emanuel County Jail to D. Ray James Detention Center in Folkston, GA, did not return a Prisoner Trust Fund Account Statement form from either institution. Instead, he sent a letter explaining that he requested a copy from the Emanuel County Jail but received no response. (Doc. 11.) The Court explicitly directed him to submit a trust fund account statement *from each prison where he has been confined for the last six months.* (Doc. 8 at 4-6.) Even factoring in his supposed difficulty in retrieving the account form from the Emanuel County Jail, he has not offered any explanation for his failure to provide a form from his current place of detention.

[2] This case cannot survive on the merits, in any event. Plaintiff names his ex-criminal defense attorney as the sole defendant. (Doc. 1.) Criminal defense attorneys, even when funded by the government, are not state actors or acting under color of state law, and thus they may not be subjected to liability under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (" a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). Whether retained or court-appointed, an attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the state but is instead "the State's adversary" and hence cannot be subjected to liability under § 1983. *Dodson*, 454 U.S. at 318-19 n. 7, 323 n. 13; *Eling v. Jones*, 797 F.2d 697 (8th Cir. 1986); *Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980); *Page v. Sharpe*, 487 F.2d 567, 570 (1st Cir. 1973).