# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTONIO DAWON WOODLEY,         )
                               )
    Plaintiff,             )
                               )
v.                             )   Case No. CV409-196
                               )
EUGENE C. BROOKS, IV,          )
                               )
    Defendant.             )

## REPORT AND RECOMMENDATION

In a Report and Recommendation ("R&R") dated March 31, 2010, the undersigned recommended that this civil rights case be dismissed for plaintiff's failure to return certain forms. (Doc. 12.) Since the entry of that R&R, plaintiff has submitted the required forms. (Docs. 14 & 15.) Accordingly, the Court hereby **VACATES** its prior R&R and enters the following in its place.

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous,

malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court must therefore examine the complaint to determine whether it states a colorable claim for relief.

Plaintiff Antonio Woodley, who is currently a pro se defendant in a federal criminal prosecution, *United States v. Woodley*, No. CR408-315 (S.D. Ga. filed Nov. 10, 2008), claims that his former appointed defense attorney "violated the attorney client priviledge [sic]" and caused him "emotional distress and sufferings." (Doc. 1 at 5.) While Woodley has indicated that he is seeking relief under 42 U.S.C. § 1983, that statute has no application here, for § 1983 only bars civil rights abuses committed by those acting under color of *state* law. *Id.* ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any *State* . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ."); *see*

*Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996–97 (11th Cir. 1990). Instead, his claim sounds under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which recognized an implied right of action for damages against a *federal* official who intentionally violates an individual's constitutional rights. But even applying the proper label, Woodley's claim fails. It is universally accepted that "a *Bivens* action for legal malpractice cannot be maintained against appointed lawyers, even those employed by the federal government, because they do not act under color of law." *Richards v. Flynn*, 263 F. App'x 496, 496 (7th Cir. 2008) (applying *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), which held that under § 1983 "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," in the *Bivens* context); *McLeod v. Knowles*, 189 F. App'x 297, 297 (5th Cir. 2006) (same); *Pagani-Gallego v. Escobedo*, 149 F.3d 1184 at *1 (6th Cir. 1998) (table) (same); *Anderson v. Sonenberg*, 111 F.3d 962 at *1 (C.A.D.C. 1997) (table) (same); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (same); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (same). Whether retained or court-appointed, an

attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the government but is instead the government's adversary and hence cannot be subjected to liability under *Bivens* or § 1983. *Dodson*, 454 U.S. at 318-19 n. 7, 323 n. 13. Since Woodley has failed to state a cause of action against the sole defendant in this case, his complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  22nd  day of April, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA